## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIS
## GAINESVILLE DIVISION

| | |
|---|---|
| **BRADY CENTER TO PREVENT GUN VIOLENCE** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | )**Case No.2:13-CV-00104-WCO** |
| | ) |
| **CITY OF NELSON, GEORGIA, MR. JONATHAN BISHOP, in his official capacity as Mayor Pro Tempore of the City of Nelson, Georgia, MR. DUANE CRONIC, MR. JACKIE JARRETT, MRS. EDITH PORTILLO, MRS. MARTHA TIPTON, in their Official capacities as members of the City Council of Nelson, Georgia** | ) ) ) ) ) ) ) ) ) ) |

## ANSWER AND DEFENSES

COMES NOW Defendants City of Nelson, Georgia, Jonathan Bishop, Duane Cronic, Jackie Jarrett, Edith Portillo and Martha Tipton, in their official capacities as members of the City Council of the City of Nelson, Georgia, and file their Answer and Defenses to Plaintiff's Complaint and show this Court as follows:

## FIRST DEFENSE

Responding to the individually numbered paragraphs stated in Plaintiff's Complaint, Defendants answer as follows:

1

1.

This Paragraph does not require a response. Nevertheless, to the extent a response is required Defendant's deny all allegations stated in this Paragraph 1.

2.

Defendants admit the allegations stated in Paragraph 2.

3.

Defendants admit the allegations stated in Paragraph 3.

4.

Defendants deny the allegations stated in Paragraph 4.

5.

Defendants deny the allegations stated in Paragraph 5.

6.

The statement in Paragraph 6 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 6 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

## JURISDCTION AND VENUE ALLEGATIONS

### 7.

Defendants deny that Plaintiff's Complaint states a viable claim against them pursuant to 42 USC §1983; and, Defendants admit that this Court has general subject matter jurisdiction to hear and decide claims arising under the Constitution and laws of the United States under circumstances not presented in this action, therefore the subject matter jurisdiction allegation is denied; and, Defendants deny that under color of state law seek to deprive Plaintiff's membership of federal constitutional rights; and, Defendants admit that this Court is authorized to issue declaratory judgment pursuant to 28 USC §§2201-2 under proper circumstances, but deny that such circumstances exist in this action.

### 8.

Defendants admit the allegations stated in Paragraph 8.

### 9.

Defendants admit the allegations stated in Paragraph 9.

### 10.

Defendants admit the allegations stated in Paragraph 10.

## ALLEGATIONS RELATING TO THE PARTIES

### 11.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 11 and therefore can neither admit nor deny the same.   Therefore, the allegations stated in this Paragraph stand denied.

### 12.

Defendants admit Harold Lamar Kellett is a longstanding resident of the city, but are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegation stated in Paragraph 12 and therefore can neither admit nor deny the same.   Therefore such remaining allegation stated in this Paragraph stand denied.

### 13.

Defendants admit the allegations stated in Paragraph 13.

### 14.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 14 and therefore can neither admit nor deny the same.   Therefore, the allegations stated in this Paragraph stand denied.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 15 and therefore can neither admit nor deny the same. Therefore, the allegations stated in this Paragraph stand denied.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 16 and therefore can neither admit nor deny the same. Therefore, the allegations stated in this Paragraph stand denied.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 17 and therefore can neither admit nor deny the same. Therefore, the allegations stated in this Paragraph stand denied.

18.

Defendants admit the allegations stated in Paragraph 18.

19.

Defendants admit the allegations stated in Paragraph 19.

20.

Defendants deny the allegations stated in Paragraph 20.

21.

Defendants deny the allegations stated in Paragraph 21.

22.

Defendants deny the allegations stated in Paragraph 22.

23.

Defendants deny the allegations stated in Paragraph 23.

## THE FIREARM ORDINANCE ALLEGATIONS

24.

Defendants admit the allegations stated in Paragraph 24.

25.

Defendants admit the allegations stated in Paragraph 25.

26.

Defendants deny the allegations stated in Paragraph 26, and further state said ordinance speaks for itself.

27.

Defendants deny the allegations stated in Paragraph 27, and further state said ordinance speaks for itself.

6

28.

Defendants deny the allegations stated in Paragraph 28.

29.

Defendants deny that Defendants Bishop and Tipton made any appearances as alleged in Paragraph 12, admit that Defendants Jarrett, Portillo and Cronic and the City of Nelson's police chief made some appearances as alleged, but deny that such appearances were made to publicize the Firearm Ordinance's mandate and that such appearances were not "numerous" as alleged.

## THE ORDINANCE'S EFFECT ON PLAINTIFF'S MEMBERSHIP ALLEGATIONS

30.

Defendants deny the allegations stated in Paragraph 30.

31.

Defendants admit that Mr. Kellett is a resident of the City of Nelson, but is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegation stated in Paragraph 31 and therefore can neither admit nor deny the same.  Therefore such remaining allegation stated in this Paragraph stand denied.

32.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 32 and therefore can

7

neither admit nor deny the same. Therefore, the allegations stated in this Paragraph stand denied.

33.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 33 and therefore can neither admit nor deny the same. Therefore, the allegations stated in this Paragraph stand denied.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 34 and therefore can neither admit nor deny the same. Therefore, the allegations stated in this Paragraph stand denied.

35.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 35 and therefore can neither admit nor deny the same. Therefore, the allegations stated in this Paragraph stand denied.

36.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 36 and therefore can

neither admit nor deny the same.   Therefore, the allegations stated in this Paragraph stand denied.

37.

Defendants deny the allegations stated in Paragraph 37.

38.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 38 and therefore can neither admit nor deny the same.   Therefore, the allegations stated in this Paragraph stand denied.

## COUNT I – VIOLATION OF SECOND AMENDMENT ALLEGATIONS

39.

Defendants reincorporate and reallege each and every answer stated in Paragraphs 1 through 38 of this Answer and Defenses as if fully set out herein.

40.

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 40 and therefore can neither admit nor deny the same.   Therefore, the allegations stated in this Paragraph stand denied.

41.

The statement in Paragraph 41 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 41 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

42.

The statement in Paragraph 42 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 42 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

43.

The statement in Paragraph 43 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 43 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

44.

Defendants deny the allegations stated in Paragraph 44.

## COUNT II – VIOLATION OF RIGHT TO PRIVACY ALLEGATIONS

### 45.

Defendants reincorporate and reallege each and every answer stated in Paragraphs 1 through 44 of this Answer and Defenses as if fully set out herein.

### 46.

The statement in Paragraph 46 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 46 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

### 47.

The statement in Paragraph 47 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 47 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

### 48.

The statement in Paragraph 48 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are

without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 48 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

49.

Defendants deny the allegations stated in Paragraph 49.

50.

Defendants deny the allegations stated in Paragraph 50.

## COUNT III – VIOLATION OF FIRST AMENDMENT ALLEGATIONS

51.

Defendants reincorporate and reallege each and every answer stated in Paragraphs 1 through 50 of this Answer and Defenses as if fully set out herein.

52.

The statement in Paragraph 52 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 52 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

53.

The statement in Paragraph 53 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are

without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 53 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

54.

Defendants deny, as pled, the allegations stated in Paragraph 54.

55.

The statement in Paragraph 55 is a conclusory statement of law that does not require a response; however, to the extent a response is required; Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations stated in Paragraph 55 and therefore can neither admit or deny. Therefore, the allegations stated in this Paragraph stand denied.

56.

Defendants deny the allegations stated in Paragraph 56.

57.

Defendants deny the allegations stated in Paragraph 57.

## COUNT IV – VIOLATION OF EQUAL PROTECTION ALLEGATIONS

58.

Defendants reincorporate and reallege each and every answer stated in Paragraphs 1 through 57 of this Answer and Defenses as if fully set out herein.

59.

Defendants deny the allegations stated in Paragraph 59.

60.

Defendants deny, as pled, the allegations stated in Paragraph 60, and further state the ordinance speaks for itself.

61.

Defendants deny, as pled, the allegations stated in Paragraph 61, and further state the ordinance speaks for itself.

62.

Defendants deny, as pled, the allegations stated in Paragraph 62, and further state the ordinance speaks for itself.

63.

Defendants deny, as pled, the allegations stated in Paragraph 63, and further state the ordinance speaks for itself.

64.

Defendants deny the allegations stated in Paragraph 64.

65.

Defendants deny the allegations stated in Paragraph 65.

66.

Defendants deny each and every allegation, insinuation, innuendo and legal conclusion stated in each and every Paragraph stated in Plaintiff's Complaint not specifically admitted herein.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendants deny that they subjected Plaintiff to the deprivation of any of its or its members' rights, privileges or immunities secured by the United States Constitution or the laws of the United States.

## FOURTH DEFENSE

Plaintiff lacks standing as to some or all of the claims asserted in Plaintiff's Complaint.

## FIFTH DEFENSE

Some or all of claims asserted in Plaintiff's Complaint are not ripe for adjudication.

## SIXTH DEFENSE

Defendants' actions in adopting the challenged ordinance were done pursuant to the police power of the State of Georgia, as a municipal instrumentality thereof; and, the power of taxation as granted in its charter.

15

## SEVENTH DEFENSE

This Court lacks subject matter jurisdiction of this action as there is no federal question involved.

## EIGHTH DEFENSE

Defendants had no intention of enforcing the challenged ordinance and Plaintiff was not, nor were any of its members, under a threat of prosecution.

## NINTH DEFENSE

There is no case or controversy that entitles Plaintiff to a declaratory judgment.

## TENTH DEFENSE

The subject matters of the contested ordinance adopted by Defendants are reserved to the States pursuant to the Tenth Amendment to the United States Constitution.

WHEREFORE, Defendants pray that this Court:

(a) Dismiss Plaintiff's Complaint and deny all requested relief, with all costs cast upon Plaintiff;

(b) Award litigation expenses and attorney's fees pursuant to 42 USC § 1988; and

(c) Grant to Defendants any other and further relief as the court deems just and proper under these circumstances.

16

The undersigned, certifies pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

Respectfully submitted this 11th day of June, 2013

/s/David G. Archer
David G. Archer,
Georgia Bar No. 021100
Attorney for Defendants
City of Nelson, Georgia
Jonathan Bishop, Duane Cronic,
Jackie Jarrett, Edith Portillo
and Martha Tipton
Archer & Lovell, P.C.
P.O. Box 1024
Cartersville, Georgia  30120
770-386-1116
email:  dgapc@bellsouth.net

/s/S. Jeffrey Rusbridge
S. Jeffrey Rusbridge
Georgia Bar No. 619533
Attorney for Defendants
City of Nelson, Georgia
Jonathan Bishop, Duane Cronic,
Jackie Jarrett, Edith Portillo
and Martha Tipton
Dyer & Rusbridge, P.C.
291 East Main Street
Canton, Georgia 30114
770-479-7418
Email:  sjr@dyruslaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIS
GAINESVILLE DIVISION

| | |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE | ) ) ) |
| Plaintiff, | ) ) |
| v. | )Case No.2:13-CV-00104-WCO ) |
| CITY OF NELSON, GEORGIA, MR. JONATHAN BISHOP, in his official capacity as Mayor Pro Tempore of the City of Nelson, Georgia, MR. DUANE CRONIC, MR. JACKIE JARRETT, MRS. EDITH PORTILLO, MRS. MARTHA TIPTON, in their Official capacities as members of the City Council of Nelson, Georgia | ) ) ) ) ) ) ) ) ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the foregoing ANSWER AND DEFENSES with the Clerk of Court via the CM/ECF system which automatically sends a service copy via email notification upon the following counsel of record:

Peter Canfield
DOW LOHNES, PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328-6117

Rukesh Korde
Jonathan R. Wakely
Daniel E. Valencia
COVINGTON & BURLING, LLP
1201 Pennsylvania Avenue, NW
P.O. Box 7566
Washington, DC 20044

Jonathan E. Lowy
Elizabeth Burke
Legal Action Project
BRADY CENTER TO PREVENT GUN VIOLENCE
1225 Eye St., NW
Suite 1100
Washington, DC 20005


This 11th day of June, 2013.

/s/David G. Archer
David G. Archer
Georgia Bar No. 021100
Attorney for Defendant
City of Nelson, Georgia
Jonathan Bishop, Duane Cronic,
Jackie Jarrett, Edith Portillo
and Martha Tipton
Archer & Lovell, P.C.
P.O. Box 1024
Cartersville, Georgia  30120
770-386-1116
email: dgapc@bellsouth.net

/s/S. Jeffrey Rusbridge
S. Jeffrey Rusbridge
Georgia Bar No. 619533
Attorney for Defendants
City of Nelson, Georgia
Jonathan Bishop, Duane Cronic,
Jackie Jarrett, Edith Portillo
and Martha Tipton
Dyer & Rusbridge, P.C.
291 East Main Street
Canton, Georgia 30114
770-479-7418
Email: sjr@dyruslaw.com